UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Danielle Canonico,<br><br>                    Plaintiff,<br><br>v.<br><br>Anton Paar USA, Inc.,<br><br>                    Defendant. | CIVIL ACTION NO. 3:18-cv-097 |

## COMPLAINT

Plaintiff Danielle Canonico respectfully moves for judgment against Defendant Anton Paar USA, Inc. ("Anton Paar").

## Introduction

1. This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendant's FLSA violations.

## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of Virginia.

5. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

6. Canonico is a resident of Virginia who is employed by Anton Paar as an Inside Sales Representative. She was hired around January 2015. Canonico is an "employee" as defined in the FLSA.

7. Anton Paar is a Virginia corporation with its principle office in Ashland, Virginia. Anton Paar meets the definition of "employer" as defined in the FLSA.

## Factual Allegations

8. Canonico regularly works more than 40 hours per week.

9. Canonico's schedule has varied somewhat during the past three years. In 2015, she was generally scheduled from 8:30 a.m. until 5:30 p.m. In 2016, she was generally scheduled from 8:00 a.m. until 6:00 p.m. In 2017, she was generally scheduled from 7:30 a.m. until 4:30 p.m.

10. Canonico often comes in prior to, and stays later than, her generally scheduled times.

11. Canonico often works through lunch and does not take an uninterrupted 30-minute lunch break.

12. Anton Paar keeps track of her hours worked through a "badge in/badge out" system. When she is unable to badge in, such as when working away from the office, she generally emails her hours to Human Resources. Anton Paar keeps records referred to as "hours worked summaries" which show the number of hours worked per week.

13. Canonico has copies of these hours worked summaries for much of the previous

three years. These summaries show that she worked more than 40 hours in approximately 112 of 135 workweeks.

14. Despite often working more than 40 hours per week, Canonico is not paid overtime.

15. On information and belief, Anton Paar treats Canonico as exempt from the FLSA.

16. Based on the nature of Canonico's job duties, there is no FLSA exemption that applies to preclude her from being paid one and one-half times her regular rate of pay for all hours worked in excess of 40 per week.

17. Canonico's main duty is sales. This is reflected in her title, job description, annual objectives, and the duties she performs.

18. Canonico's duties include making sales calls, sending emails, and speaking with potential customers from her office with the goal of selling high volume lab instrumentation and parts.

19. 90%, or more, of Canonico's time is spent performing sales activities.

20. Virtually all, of Canonico's sales duties are performed from her office at Anton Paar.

21. A specialized academic degree is not a prerequisite for the Inside Sales position.

22. Canonico is not employed in any bona fide executive capacity.

23. Canonico is not employed in any bona fide administrative capacity.

24. Canonico is not employed in any bona fide professional capacity.

25. Canonico is not employed in the capacity of outside salesperson.

26. Anton Paar willfully violated the FLSA by knowingly failing to pay Canonico

overtime. Anton Paar had knowledge or constructive knowledge that Canonico worked in excess of 40 hours per week but failed to pay her overtime compensation.

27. At all relevant times, Anton Paar intended to deprive Canonico of overtime pay she was entitled to under the FLSA, or acted with reckless disregard for her rights under the FLSA.

## COUNT ONE
## UNPAID OVERTIME UNDER THE FLSA

28. Plaintiff incorporates by reference and re-allege the preceding paragraphs as though fully set forth herein.

29. At all times relevant, Defendant engaged in a practice of not paying Plaintiff overtime for working more than 40 hours per week.

30. Plaintiff worked more than 40 hours per week without overtime compensation for hours worked over 40.

31. Defendant knew, or should have known, that Plaintiff was working more than 40 hours per week.

32. At all times relevant, Defendant knew, or should have known, that the FLSA applied to Plaintiff.

33. Defendant knew of Plaintiff's hours worked and of its obligation to pay overtime. Defendant failed to do so.

34. Defendant has willfully violated the FLSA. At all relevant times, Defendant intended to deprive Plaintiff of the overtime pay she was entitled to under the FLSA, or acted with reckless disregard for Plaintiff's rights under the FLSA.

## **FLSA Relief Requested**

Wherefore, Plaintiff requests the following Relief against Defendant:

    A.    money damages for all unpaid overtime compensation;

    B.    liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff;

    C.    pre-judgment and post-judgment interest;

    D.    reasonable attorneys' fees and costs expended in the prosecution of this claim;

    E.    any and all further relief permissible by law.

Plaintiff respectfully demands **TRIAL BY JURY**.

Respectfully submitted,

**Danielle Canonico**
Plaintiff

By: /s/ _____
Philip Justus Dean (VSB No. 86335)
Craig Juraj Curwood (VSB No. 43975)
Attorneys for Plaintiff
Curwood Law Firm
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
pdean@curwoodlaw.com
ccurwood@curwoodlaw.com